**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 95-30384
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KENNETH RANDALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CA 95 456 (CR 88 261 D))
_____

October 3, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Kenneth Randall appeals his motion brought pursuant to 28 U.S.C. § 2255. Finding no error, we affirm.

I.

In 1988, a jury found Randall guilty of conspiracy to possess with intent to distribute approximately two kilograms of cocaine,

---

Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

possession with intent to distribute approximately two kilograms of cocaine, and using a firearm during the commission of a drug-trafficking offense. He was sentenced to serve concurrent terms of 78 months in prison for the drug offenses, a consecutive term of 78 months for the drug offenses, and a consecutive term of 60 months for the firearm offense. In this appeal, which involves a successive § 2255 motion, Randall challenges the quantity of cocaine used to calculate his sentence and his counsel's effectiveness for failing to refute the calculation.

On direct appeal, Randall challenged his sentence only on the ground that he was entitled to a departure from the Sentencing Guidelines for exceptional circumstances. Finding that "[n]o exceptional circumstances operated in Randall's favor" and that the "evidence of [Randall's] guilt was overwhelming," we affirmed his conviction. United States v. Randall, 887 F.2d 1262 (5th Cir. 1989).

In March 1991, Randall filed his first § 2255 motion, admitting that he "was rightfully convicted on counts one and two"; he did not challenge his sentence. The district court denied Randall's motion, and we affirmed.

Randall filed a second § 2255 motion in November 1992, arguing in favor of a sentence adjustment but not questioning the quantity of cocaine used to determine his sentence. Rather, he asserted that his sentence should be reduced because he was less culpable than his codefendants, his criminal conduct amounted to "aberrant behavior," and he had accepted responsibility. He also argued that

his attorney was ineffective because he failed to persuade the jury that the firearm was not "used" to facilitate a drug transaction and failed to persuade the sentencing court to deviate from the Sentencing Guidelines.

The district court dismissed Randall's motion as an abuse of the writ and, alternatively, because his claims were not subject to relief under § 2255. We affirmed the dismissal of Randall's motion as "abusive under Rule 9(b)."

Before we affirmed the denial of the second § 2255 motion, Randall filed a motion to correct his sentence pursuant to FED. R. CRIM. P. 35 and 18 U.S.C. § 3582(c)(2). He asserted that he had not previously seen the DEA lab report, that the report showed that the drug quantity involved was less than two kilograms, and that his base offense level should have been 26 instead of 28.

The district court concluded that Randall's motion was not cognizable under rule 35 or § 3582(c)(2), and that if it were construed as a third § 2255 motion, dismissal was appropriate. Randall's attorney had been given the drug report during pre-trial discovery. Randall could not show cause or prejudice for his failure to raise this argument previously, and even if his argument were properly before the court, it lacked constitutional dimension.

On appeal, Randall challenged the decision and the court's failure to provide notice that it was considering dismissal pursuant to rule 9(b). We affirmed, explaining that Randall's claim was not of constitutional dimension and could have been raised on direct appeal. Additionally, we stated that Randall's

motion was properly denied on the merits.  The court did not reach the rule 9 issues.

In February 1995, Randall filed the current § 2255 motion.  He asserted ineffective assistance of counsel as cause for his failure previously to raise the drug-quantity-sentencing issue, but he did not re-assert the sentencing issue, which accordingly is not before us.  In support of his ineffectiveness claim, Randall maintained that the prosecution's transmission of erroneous information regarding the drug quantity involved, and counsel's failure to check the amount and contest the inaccuracy, constituted external objective factors that impeded his ability to raise this issue previously.

Randall also asserted that counsel's failure to raise this issue caused him prejudice because he is serving a sentence that is fifteen months longer than he would have received if the proper base offense level would have been used at sentencing.  In the alternative, Randall requested relief pursuant to FED. R. CRIM. P. 36.

The district court denied Randall's motion on four grounds: (1) the motion was barred as res judicata because it failed "to allege new or different grounds for relief and the prior determinations were on the merits"; (2) the motion was an abuse of the writ under Rule 9(b) of the Rules Governing § 2255 Proceedings, and Randall did not show cause, prejudice, or a fundamental miscarriage of justice; (3) the motion was without merit; and (4) the motion was a request for relief because of a clerical error.  Randall

**4**

filed a timely notice of appeal and requested permission to proceed in forma pauperis, which the district court denied.

II.

Randall asserts that this ineffectiveness argument has not been litigated previously because he and his attorney did not know of the error in drug calculation until Randall received a copy of the drug report on April 9, 1993. Thus, Randall asserts that res judicata should not bar our consideration of his claim.

Rule 9(b) provides that a "successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." A district court's dismissal under rule 9(b) is reviewed for abuse of discretion. United States v. Flores, 981 F.2d 231, 234 (5th Cir. 1993).

The district court concluded that Randall's argument was foreclosed by res judicata because "he appealed his sentence on the grounds that he was denied effective assistance of counsel at his sentencing" and raised the same argument in his second § 2255 motion. The government points out that Randall admitted in a 1993 response that his attorney had received a copy of the report and that Randall referenced the lab report in his motion for correction of sentence.

The record reveals that, as the district court correctly concluded, Randall previously levied an unsuccessful challenge to the drug calculation in documents filed with the district court in

5

August and September 1993, at which time he did reference the DEA report. We affirmed the district court's rejection of Randall's argument. Randall admitted that his attorney was provided a copy of the drug report.

Randall also argued unsuccessfully in his second § 2255 motion that counsel provided ineffective assistance during sentencing, and we affirmed that decision. Thus, the record supports the dismissal of Randall's case, because he failed to allege new grounds for relief and the previous determinations were on the merits.

Even if the specific ineffectiveness argument Randall now asserts was not previously raised, the district court held that his § 2255 motion was properly dismissed as an abuse of the writ. Under rule 9(b), successive § 2255 motions may be dismissed if new and different grounds are alleged and the court finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure. A court may not reach the merits of § 2255 motions raising new claims unless the movant establishes cause for not raising the point in a prior motion and prejudice if the court fails to consider it. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991);[1] Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992). A court need not consider whether there is actual prejudice if the movant fails to show cause. McCleskey, 499 U.S. at 502.

---

The McCleskey standard applies to both § 2254 and § 2255 cases. Flores, 981 F.2d at 234.

To demonstrate "cause," the movant must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in the initial motion. McCleskey, 499 U.S. at 493 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). A movant's pro se status cannot constitute "cause," and if the factual and legal basis for an argument was reasonably available to him when he filed an earlier motion, his delay in raising the issue will not be excused. Saahir, 956 F.2d at 118.

The factual and legal bases for Randall's ineffectiveness claim were reasonably available when he filed his motion for modification of sentence. He argued in that motion that counsel had received a copy of the drug report and that the drug quantity had been improperly imputed. The district court and our court treated Randall's motion for modification of sentence as a third § 2255 motion. Furthermore, in his second § 2255 motion, Randall argued that his attorney was ineffective during sentencing.

All the aspects of Randall's current ineffectiveness claim were reasonably available to him at the time he filed his previous motions and, although he asserts counsel's ineffectiveness as cause for his failure previously to raise this argument, the record refutes his position. Randall has failed to demonstrate cause for his failure to raise the issue in a prior motion; therefore, we need not consider whether there is prejudice. Saahir, 956 F.2d at 118.

Even if a movant cannot meet the cause-and-prejudice standard, a federal court may hear the merits of a successive motion if the

failure to hear the claims would constitute a fundamental miscarriage of justice. <u>Flores</u>, 981 F.2d at 236; <u>see</u> <u>McCleskey</u>, 499 U.S. at 493. In order to show a fundamental miscarriage of justice, a § 2255 movant must establish that a constitutional violation probably caused him to be convicted of a crime of which he is innocent. <u>Flores</u>, 981 F.2d at 236.

Not only has Randall failed to allege factual innocence, but he admits that a fundamental miscarriage of justice did not occur. Further, in his first § 2255 motion, Randall admitted that he "was rightfully convicted on counts one and two" (the drug convictions), and he does not now maintain factual innocence of these charges. Because Randall has failed to offer a legitimate reason for failing to raise this ineffectiveness claim previously, and he has not alleged anything that would establish that the matter complained of resulted in the conviction of one who is factually innocent, the district court did not abuse its discretion in dismissing his § 2255 motion as abusive.

AFFIRMED.